IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERRY L. HARROLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )    CIV-05-4-M |
| v. | ) |
| | ) |
| JO ANNE B. BARNHART, | ) |
|   Commissioner of Social Security | ) |
|     Administration, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. §405(g) of the final decision of Defendant Commissioner denying her application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §416(i), 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff filed an application for benefits on January 15, 2002, alleging that she became disabled on November 9, 1993, as a result of scoliosis and corrective surgery. (TR 83-84, 112).[1] Plaintiff's application was administratively denied. (TR 48, 49). At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge Parrish ("ALJ") on February 18, 2004, at which Plaintiff and a vocational expert ("VE") testified. (TR 25-46). Subsequently, the ALJ issued a decision denying Plaintiff's application for benefits. (TR 16-19). In this decision, the ALJ found that Plaintiff has a severe impairment due to a "history of scoliosis stabilized by the November 1993 fusion procedure with internal fixation." (TR 17). The ALJ found that this condition has caused chronic back pain and that Plaintiff also has a history of hip and knee stiffness. (TR 18). Despite these impairments, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform work at the sedentary exertional level that allows her the option to sit or stand at will and does not involve more than occasional stooping, kneeling, or crouching. (TR 18). Relying on the VE's testimony at the hearing, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act because there are jobs available in the economy which she can perform considering her vocational characteristics and RFC for work. (TR 17-19). Plaintiff's request for administrative review of the ALJ's decision was denied by the agency's Appeals Council.

---

[1] Plaintiff filed a previous application for benefits on June 1, 2000, based on the same allegedly disabling impairment. (TR 80-81, 88). This first application was administratively denied (TR 47), and Plaintiff did not appeal the administrative decision.

(TR 5-7). Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's determination.

II. Standard of Review

Judicial review of this Complaint is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). The court will look to the record as a whole to determine whether the evidence which supports the Commissioner's decision is substantial in light of any contradicting evidence. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984); Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983)(*per curiam*). If the Commissioner fails to apply the correct legal standard or substantial evidence does not support the Commissioner's decision, the court may reverse the Commissioner's findings. Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984)(*per curiam)*. The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). To find that the Commissioner's decision is supported by substantial evidence in the record, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion. Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. § 416.920(b)-(f) (2005); see also Williams v. Bowen, 844 F.2d 748, 750-752 (10th Cir. 1988)(describing five steps in detail). The claimant bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. § 416.912 (2005); Turner v. Heckler, 754 F.2d 326, 328 (10th Cir. 1985). Where the plaintiff makes a *prima facie* showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show "the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." Turner v. Heckler, 754 F.2d at 328; Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

III. Consistency Within and Evidentiary Support for the ALJ's Decision

Plaintiff contends that the ALJ's decision is internally inconsistent because he found that Plaintiff has the RFC to perform "skilled" sedentary work but also found that she has the RFC to perform only unskilled jobs. Plaintiff also contends that there is not substantial evidence to support the ALJ's decision because of inconsistencies between the ALJ's hypothetical inquiry to the VE and his findings in the decision regarding Plaintiff's RFC for work.

Plaintiff was 22 years old at the time of the administrative hearing conducted in February 2004. She testified (TR 27-42) that she is disabled because of back and hip pain. She related this back and hip pain to a previous surgery in 1993 to repair scoliosis with the insertion of two metal rods in her back. Plaintiff testified she has a tenth grade education,

she lives with her husband and two-year-old daughter, she has no vocational training, and she had previously worked in only one job for about six weeks as a part-time dietary cook in a hospital. Plaintiff testified that this job ended due to her back pain. Plaintiff estimated she could stand for about ten to fifteen minutes and then she must sit for 20 to 30 minutes, that she can walk short distances, that she has difficulty bending and lifting heavy objects, that she has difficulty sleeping because of back pain and sometimes sleeps in a chair, and that she has good days and bad days. She testified she can cook simple meals, perform some light housekeeping chores, usually drives three mile distances, drove to the hearing, and sits or lies down probably three-quarters of each day. Plaintiff stated that she takes over-the-counter analgesic medication and was not receiving medical treatment. The record contains the following statements by Plaintiff with regard to her usual daily activities: "[I am] unable to stand over a 30 minute period due to pain" and "[m]y disabled daughter takes most of my time with some assistance from family." (TR 106, 125). Plaintiff also stated that she reads about one to two hours daily, watches television four hours a day, visits friends or relatives one to two times a week, occasionally drives without assistance, and attends church once a week. (TR 108-109).

   The medical record reflects that Plaintiff underwent surgery in November 1993 when she was 12 years old to correct scoliosis. Her treating surgeon, Dr. Sullivan, reported she "remarkably improved" during her six-day hospital stay following the surgery. (TR 144). Dr Sullivan noted that x-rays taken after the surgery showed satisfactory alignment of her exoskeleton and satisfactory position of the hardware implanted in her back during the

5

surgery. (TR 144). Following Plaintiff's filing of her application for benefits the agency re-contacted Dr. Sullivan, and Dr. Sullivan submitted a letter to the agency dated April 30, 2002, in which he stated that he last saw Plaintiff in 1998 and at that time she was having some back pain for which he recommended anti-inflammatory medications and a low back exercise program. (TR 184). Dr. Sullivan stated he believed Plaintiff's hardware was not the cause of her pain and that he had advised her she would need sedentary employment and should pursue additional education. (TR 184).

The surgeon's progress notes reflect that in November 1993 Plaintiff exhibited "good correction of her scoliosis" and her hardware components were "in good position" according to x-rays. (TR 203). In April 1996, Dr. Sullivan noted he advised Plaintiff she could perform any physical activities including track. (TR 189). When Plaintiff was examined by Dr. Lorton in Dr. Sullivan's office in December 1997, Dr. Lorton noted Plaintiff was continuing "track distance running" at her school although she was experiencing some diffuse low back pain and point tenderness in her mid-thoracic region. (TR 186). Dr. Lorton noted that Dr. Sullivan had previously suggested the hardware in Plaintiff's back could be removed but that Plaintiff's mother wished to discuss this possible surgery with Dr. Sullivan and that Plaintiff would be examined again in January 1998 to discuss this option. In January 1998, Dr. Sullivan noted Plaintiff's low back pain had improved substantially, she did not exhibit abnormal neurological signs or symptoms, and that he instructed her to take anti-inflammatory medications and to exercise her low back and return for follow-up treatment in six months. (TR 185). The medical record reflects no intervening medical treatment of

Plaintiff until January 1999, when she was seen one time at a medical clinic. (TR 223). Plaintiff complained of mid and lower back pain and the examining physician prescribed anti-inflammatory medication for scoliosis. (TR 223). The medical record also indicates Plaintiff saw a chiropractor in November 6, 2003, for back pain. (TR 224).

Plaintiff first alleges that the ALJ's decision is inconsistent because he made a finding that Plaintiff has the ability to perform "skilled" sedentary work. It is apparent from a review of the ALJ's entire decision that his reference to Plaintiff's ability to perform "skilled" sedentary work is a typographical error. After summarizing the sparse medical record, the ALJ found that Plaintiff "has the residual functional capacity to perform skilled work at the sedentary exertional level that allows her the option to sit or stand at will and does not involve more than occasional stooping, kneeling, or crouching." (TR 17). In the following paragraph, the ALJ reviewed Plaintiff's work record and concluded that she does not have a history of past relevant work. (TR 17). At the administrative hearing, the ALJ inquired of the VE whether Plaintiff had any past work that could be considered gainful employment, and the VE testified that she "did not find any." (TR 43). The ALJ then presented a hypothetical inquiry to the VE in order to elicit testimony concerning the availability of jobs for an individual with Plaintiff's RFC for work. The ALJ asked the VE to identify jobs that might be available to an individual who possesses a tenth grade education and the ability to perform a wide range of sedentary work that do not require more than occasional stooping, kneeling, or crouching, and that allow the individual "a sit/stand option accommodated at a 30-minute level." (TR 43). The VE identified four sedentary, unskilled jobs within these

RFC limitations, including the jobs of order clerk, addresser, production inspector, and table worker in fabrications. (TR 43-44). In the ALJ's decision, the ALJ relied on the jobs identified by the VE to satisfy the Commissioner's burden of proof at the fifth step of the evaluation process. (TR 18). The ALJ noted that these are "unskilled jobs performed at the sedentary exertional level" and that Plaintiff has the RFC to perform "the jobs enumerated by the [VE]...." (TR 18). Accordingly, because it is apparent the ALJ's use of the word "skilled" to describe Plaintiff's RFC was a typographical error, Plaintiff's assertion of error in the ALJ's decision is frivolous.

Plaintiff next contends that the ALJ failed to present a hypothetical inquiry to the VE which precisely described Plaintiff's RFC for work. Plaintiff points to an inconsistency between the ALJ's hypothetical inquiry which asked the VE to identify jobs for an individual limited to jobs with a "a sit/stand option accommodated at a 30-minute level" and his RFC finding in his decision that Plaintiff has the RFC to perform jobs "allow[ing] her the option to sit or stand at will...." (TR 17, 43). Plaintiff relies on Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995), for the established rule that inquiries to a VE "must include all (and only) those impairments borne out by the evidentiary record." In Evans, and also in Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991), upon which the court in Evans relied, the Commissioner's decisions were reversed because the ALJ failed to consider and present to the VE specific impairments which the courts found would impact the claimant's ability to work. In Evans, the court found that the medical record supported the claimant's assertion of functional limitations as a result of a hand impairment. Evans, 55 F.3d at 532. In the VE's

testimony in that case, the VE had testified that if the claimant's physical complaints were credible, the Plaintiff would not be able to perform the jobs identified by the VE as falling within the claimant's RFC for work. Id.

In this case, the Plaintiff's treating surgeon opined that Plaintiff was capable of performing sedentary work, and the surgeon did not place any additional limitations on this RFC for work. The ALJ, however, credited Plaintiff's testimony that because of back and hip pain her ability to perform her usual daily activities was limited by a need to alternate sitting and standing. In recognition of this credibility determination, the ALJ found that Plaintiff's ability to work would be limited to jobs allowing her to sit or stand at will.

Plaintiff has provided no support for her assertion that the ALJ's finding of an RFC for work involving sitting or standing at will and the ALJ's hypothetical inquiry to the VE of an RFC for work involving sitting or standing in 30-minute intervals is so significant a variation that the VE's testimony concerning the availability of jobs is not sufficient to support the Commissioner's decision. Social Security Ruling 83-12, which the Plaintiff relies on, merely directs the administrative factfinders to obtain assistance from vocational experts in certain special circumstances, including "where an individual's exertional RFC does not coincide with the full range of sedentary work." SSR 83-12, 1983 WL 31253. SSR 83-12 advises that "[i]n cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base." Id. The Social Security Ruling did not, as Plaintiff suggests, preclude a finding of an ability to work where a claimant is limited to sedentary work with a sit/stand option. The ALJ complied with the

mandate of SSR 83-12 by employing a VE to assist in identifying jobs for an individual with Plaintiff's RFC for work, and the VE testified that there are jobs available which accommodate the need to alternate sitting and standing although the jobs are considered sedentary. The ALJ's hypothetical inquiry to the VE more precisely described the sit/stand option as involving the ability to sit or stand at 30-minute intervals. This is not inconsistent with the ALJ's RFC finding in his decision of a more generally-described RFC for work allowing a sit/stand option at will. Any discrepancy between the hypothetical inquiry to the VE and ALJ's RFC finding in his decision is too minor to warrant the reversal of the Commissioner's decision on the basis that there is not substantial evidence to support the decision.

Although Plaintiff testified that on some days she spends most of her time sitting or lying down, she also stated that caring for her two-year-old daughter takes up the majority of her time. Plaintiff did not persistently seek medical treatment for her allegedly disabling back and hip pain, and she was taking only over-the-counter analgesic medications. Plaintiff herself stated that she could stand for 30 minutes at a time, and the daily activities she described, including light housework, cooking simple meals, reading, watching television, caring for her two-year-old child, driving three mile distances, are consistent with the ability to perform some sedentary jobs. There is substantial evidence in the record to support the ALJ's determination that Plaintiff has the ability to perform sedentary jobs allowing her the option to sit or stand. Because there is substantial evidence in the record to support the

Commissioner's decision that Plaintiff is not entitled to benefits, the Commissioner's decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner denying Plaintiff's application for supplemental security income benefits.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before _____October 25th_____, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1.  The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___5th___ day of ___October___, 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE